NATHAN L. MERRITT, Jr., Petitioner, v. FIRST
JUDICIAL DISTRICT COURT OF THE STATE
OF NEVADA, in and for the County of Church-
ill, and the HONORABLE CLARK J. GUILD,
as Judge Thereof, Respondents.

No. 3627

September 25, 1950.                    222 P.2d 410.

See also 66 Nev. 380, 212 P.2d 706.

*Royal A. Stewart,* of Reno, for Petitioner.

*Alan Bible,* Attorney General, *W. T. Mathews,* Special
Assistant Attorney General, *George P. Annand* and *Rob-
ert L. McDonald,* Deputy Attorneys General, and *James
W. Johnson, Jr.,* District Attorney of Churchill County,
Fallon, for Respondents.

## OPINION

By the Court, EATHER, J.:

On May 15, 1950 petitioner was brought on for trial before respondent court upon an information charging grand larceny. A jury was selected, testimony of several witnesses adduced and the state rested. Before petitioner, defendant in said criminal proceedings had concluded his defense the district attorney moved the court for an order declaring a mistrial. The motion was supported by testimony of several witnesses and at the conclusion of the hearing the respondent court over the objection of defendant, petitioner herein, entered its order granting the motion, ordered a mistrial of the proceedings and discharged the jury.

Subsequently the petitioner, defendant in said action, moved the respondent court for an order to withdraw his plea of not guilty and substitute the plea that he had once been in jeopardy for the offense charged. Petitioner also moved to be discharged from custody on the ground of former jeopardy. Both motions were denied.

As a basis for his application to this court for a writ of prohibition it is urged that respondent court is without jurisdiction to proceed with a second trial under the same information. Supporting this premise it is urged that respondent court unlawfully discharged the jury impanelled to try the cause and therefore petitioner has once been placed in jeopardy.

Succinctly stated the question to be determined is whether or not the court, upon proof submitted, and in the exercise of a sound discretion, committed error in ordering a mistrial and discharging the jury. The official court reporter's transcript of the proceedings including the testimony of witnesses is made a part of the petition and it now becomes necessary to review this record.

The matter of the alleged disqualification of two members of the jury was called to the court's attention by a motion made in open court by the district attorney, in

words as follows: Mr. Johnson (district attorney): "At this time, if the court please, I am forced, as much as I hate to, to move for a mistrial upon the grounds that two of the jurors were overheard discussing the matter and that a preconceived opinion was expressed by them. This matter has come to my attention and I feel that in all fairness to the accurate trial of the case I must make the motion."

In support of the motion a witness testified that she was walking across the street in front of the courthouse and overheard the following conversation between two men, whom she later identified as two members of the jury. One juror said to the other juror, "As far as I am concerned he is innocent." The other juror replied, "Me too. I don't give a damn how much evidence they bring in." The two jurors participating in this conversation were called by the district attorney to testify in support of the motion. One of the jurors testified as follows:

"Q. Do you recall a conversation when somebody said, 'I believe he is innocent?' One of the parties said that. The other one said, 'Me too. I don't give a damn how much evidence they submit?' A. I remember that incident, yes.

"Q. There was a discussion with respect—A. Well, I think that's as far as it went."

And again the same juror involved testified:

"Q. Well, the substance—I believe you testified just a moment ago that the other one (juror) said something about he was innocent. He didn't give a damn how much evidence was presented?

"Mr. Stewart: Object to that. That is not the witness's testimony.

"The Court: Me too, I don't give a damn how much evidence they put in.

"Mr. Johnson: Q. He said that? The other fellow (juror) said that? A. I believe that is—those are the words he used.

"Q. And that is what he said. He was talking about this trial, was he? A. I presume that's what he was talking about."

This same witness on cross-examination denied that the other juror had made the remarks testified to by him on direct examination, but he did admit that the witness had stated "As far as I am concerned he is innocent."

The investigator for the district attorney's office was called as a witness and testified that prior to convening court he was present in the Esquire Club at Fallon, Nevada, and heard a conversation between these same two jurors as follows: "Q. What was the substance of that conversation? A. He was complaining about having to serve on the jury and he said, 'Of course as far as I am concerned,' he says, 'Everybody knows it is a farce.' "

In reference to this same conversation when one of these two jurors was accused, while testifying of making this remark, he testified: "I am afraid that if I remember correctly, that George (other juror) is the one that said that."

■ Upon the whole record as made, and giving due consideration to the testimony of the two jurors involved, their admissions and contradictions, we are of the opinion that the lower court ruled correctly in declaring a mistrial of the cause.

To compel the state to submit the issue of guilt or innocence of a party to a jury where some members thereof have designated the trial as a "farce," or where a juror declares that the defendant on trial is innocent and "that he did not give a d—— how much evidence was submitted," would be a travesty on the administration of justice.

■ In criminal trials the public as well as the accused have interests that should be safeguarded and protected. Verdicts in these causes must be the result of honest deliberation by individuals who are of a mind free from bias and prejudice. To rule otherwise would make a

farce of the proceedings. In re Ascher, 130 Mich. 540, 90 N.W. 418, 57 L.R.A. 806; State v. Hansford, 76 Kan. 678, 92 P. 551, 14 L.R.A., N.S., 548, 38 A.L.R. 706.

There can be no doubt but what the showing made in reference to these two jurors and their state of mind concerning the guilt or innocence of petitioner, warranted the respondent court in the exercise of its discretion to discharge the jury and declare a mistrial.

Taking all the circumstances into consideration there was thereby presented to the lower court a manifest necessity to act by discharging the jury; "Otherwise * * * the ends of public justice would * * * be defeated." State of Nevada v. Helm, 66 Nev. 286, 209 P.2d 187, 191; Thompson v. U. S., 155 U.S. 271, 15 S.Ct. 73, 39 L.Ed. 146.

Petitioner further contends that in ruling on the motion the respondent court in its findings does no more than conclude that the two jurors involved only violated the admonition of the court; viz., not to discuss the case among themselves until it had been finally submitted to them for decision, and therefore such finding was insufficient in law to support the order.

Petitioner frankly admits in his brief "that at least some members of the jury had violated the admonition of the court relative to discussing the case among themselves." The record discloses no other or different discussions by members of the jury other than those quoted herein.

Petitioner's principal objection to the court's order and his claim that the same is unlawful, is based upon the assertion of the *"legal insufficiency of the reason"* (emphasis supplied) assigned by the court therefor. Supporting this conclusion is the argument that the court based its order not upon a finding of bias and prejudice of the jurors but the failure of the jurors to comply with the admonition of the court in discussing the case before it was submitted to them. The record of the proceedings clearly establishes that the motion made to the court upon which the order was based was grounded

upon a statement "that two of the jurors were over-heard discussing the matter and that a preconceived opinion was expressed by them."

In granting the motion the court stated: "Ladies and gentlemen of the jury: There has been directed to the attention of the Court a very serious matter this morning and the State has moved in this case for a mistrial. Under all of the circumstances and the evidence that the Court took in connection with the motion for a mistrial, I must in all fairness both to the State and to the defendant, grant the motion, but before doing so I should like to say a word or two to you." The court then proceeded to explain to the jury their responsibilities and duties as good citizens and members of the jury. After which the court directed the clerk to enter the order. In the court's remarks to the jury, parenthetically made, comment was made of the fact that two members of the jury had violated the court's admonition and a mistrial would be granted.

Prior to making these remarks the court had ruled that the order would be granted and in granting the order it was motivated by a desire to be fair to defendant and state.

It is very apparent that it was the subject matter of the conversation between the two jurors and their expressions of guilt or innocence of defendant and their mental conviction showing bias that prompted the court to act, and not a violation of the court's admonition, as contended by petitioner.

It is hardly necessary to suggest that the court could not sustain a finding that the remarks were made by the jurors as testified, without finding the jurors had violated the court's admonition in reference to not discussing the case.

Aside from the factual discussion, if it is assumed that the court was in error in the reasons given for its action, nevertheless, if the order is correct and sustained by the evidence, as we find it is, we would not be justified in sustaining the objections of petitioner. We conclude

that a proper application of the law to the facts demands an affirmance of the order. It is not imperative that we "lend approval to the mental processes of the trial court." Goldsworthy v. Johnson, 45 Nev. 355, 204 P. 505, 507.

We therefore order that the peremptory writ be and the same is hereby denied and the alternative writ vacated. No costs allowed.

HORSEY, C. J., and BADT, J., concur.