JAMES JEFFREY SORCE, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 6634

June 9, 1972                    497 P.2d 902

[Rehearing denied July 11, 1972]

*William K. Lohse,* of Reno, for Appellant.

*Robert List,* Attorney General, *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

**OPINION**

By the Court, BATJER, J.:

Appellant was convicted by a jury of selling narcotics, a violation of NRS 453.030. He appeals from that conviction and

asserts that the marijuana was erroneously admitted into evidence, the trial court erroneously refused to grant a mistrial after alleged misconduct of a juror became known, and the prosecutor's closing statement went beyond permissible scope. We find these allegations of error to be without merit, and affirm the judgment.

Arrangements were made by Reno police officers to have an informer attempt to make a purchase of marijuana from appellant. Prior to being transported to appellant's home, the informer was searched and found to possess only his wallet, some change, and $15 which had been given to him by the police for the purchase. Appellant did sell the informer a bag of marijuana for $15. After making the purchase, the informer walked several blocks to a prearranged meeting place, and there gave the bag and its contents to Officer Farlow. This officer then transferred the marijuana to Officer Van Curen, who marked the items and placed them in a locker to be preserved for trial.

While appellant concedes that a proper chain of custody existed from the time Officer Van Curen received the items until the trial date, he asserts that no proper chain was established prior to that time as the informer was not asked to identify the exhibit at trial, and Officer Farlow made his identification based on marks placed on the exhibit by Officer Van Curen. Essentially, appellant argues that a fatal defect in the chain of custody existed because the informer, during his five to eight minute walk from appellant's house to where he met Officer Farlow, could have tampered with or substituted the substance he purchased from appellant. Although the informer was not asked to identify the exhibit at trial, he gave a detailed description of what he purchased from appellant, and this description matched the marijuana and container that were offered and received into evidence. The informer testified that he took five to eight minutes to walk from appellant's house to where he met Officer Farlow; that he went directly from one point to the other without entering any buildings; and that he did not meet or even talk with any other persons along the way. This testimony laid a proper foundation and established a sufficient chain of custody. It is not necessary to negate all possibilities of substitution or tampering with an exhibit, nor to trace its custody by placing each custodian upon the stand; it is sufficient to establish only that it is reasonably certain that no tampering or substitution took place, and the doubt, if any,

goes to the weight of the evidence. Oliver v. State, 85 Nev. 10, 449 P.2d 252 (1969); Carter v. State, 84 Nev. 592, 446 P.2d 165 (1968); Eisentrager v. State, 79 Nev. 38, 378 P.2d 526 (1963). The jury was reasonably able to conclude from the informer's and Officer Farlow's testimony that the exhibit was identical to what each of those witnesses received on the date of the sale. Oliver v. State, supra; Carter v. State, supra.

It was discovered by defense counsel during trial that a juror's husband had been the foreman of the grand jury that returned the indictment against appellant. In response to the trial judge's questioning, out of the presence of other members of the jury, this juror stated that she told other members of the jury that she believed defense counsel were concerned because her husband had signed the indictment. She also told the judge that this fact would definitely not affect her ability to give appellant the presumption of innocence and to be a fair and impartial juror. Defense counsel at this point moved for a mistrial contending that the jury could no longer be fair and impartial. This motion was denied and the juror in question was removed and the alternate seated. Appellant asserts that it was reversible error for the trial court to deny the motion for a mistrial under the circumstances.

A defendant is entitled to be tried by a jury composed of fair and impartial persons, and a trial court may, in the exercise of its discretion, grant a mistrial if it reasonably appears that one or several members of a jury have become biased and will not engage in honest deliberation. Merritt v. District Court, 67 Nev. 604, 222 P.2d 410 (1950). In the present situation there is nothing to indicate that the juror's statements had any effect on the deliberations of the jury, nor has there been any showing of coercion of the jury or prejudice to appellant, and therefore the trial judge did not abuse his discretion in refusing to grant the mistrial.

Appellant's final assertion of error is that the prosecutor's closing argument regarding the sale of marijuana was beyond the scope of permissible comment and was highly prejudicial to the defense. A review of the record clearly shows that the prosecutor's remarks in reference to the transaction were not improper as they were based upon and related to evidence received at trial. Furthermore, since defense counsel failed to object to these remarks at the time they were made, they need not be considered by this court. Bonnenfant v. State, 86 Nev.

354

393, 469 P.2d 401 (1970); Wilson v. State, 86 Nev. 320, 468 P.2d 346 (1970).

Affirmed.

ZENOFF, C. J., and MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.