## GEORGE WILLIAMSON, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

### No. 7448

November 14, 1973                    515 P.2d 1028

*Morgan D. Harris,* Public Defender, and *Thomas D. Beatty,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, *Charles L. Garner,* and *H. Leon Simon,* Deputy District Attorneys, Clark County, for Respondent.

### OPINION·

By the Court, Batjer, J.:

Appellant was ordered to stand trial for the sale of narcotics, a violation of NRS 453.030 and NRS 453.210(2) of

the Uniform Narcotic Drug Act.[1] After the jury had been selected and impaneled the prosecutor moved, without objection, to endorse on the information the name of an additional witness for the prosecution. During the next recess one of the jurors announced to an officer of the court that she was acquainted with the witness whose name had been endorsed and that she was so biased against the witness that she would be prejudiced in favor of appellant. The colloquy between the juror and the officer of the court was related to the presiding judge, who, over appellant's objection, granted a mistrial stating: "I think the interests of justice require that the motion for a mistrial be granted." The jury was discharged and the state subsequently requested a new trial setting.

Appellant then moved to dismiss the information contending a violation of his Fifth Amendment right against double jeopardy. The trial court permitted appellant to withdraw his not guilty plea and treated the motion as a petition for habeas corpus. The requested relief was denied and that issue is again raised in this appeal.

In Ex Parte Maxwell, 11 Nev. 428 (1876), this court held that trial courts are invested with power, in the exercise of sound legal discretion, to discharge a jury without the consent of the defendant, and without the discharge constituting a legal bar to a future trial, in all cases of manifest necessity, whether such necessity arises from some physical cause occurring during the trial or deliberation of the jury, or from the inability of the jury to agree upon a verdict; that this power is not one of absolute, uncontrolled discretion, but must be exercised in accordance with established legal rules, and is always subject to review by the appellate court.

The *Maxwell* rationale was derived from the opinion by Mr. Justice Story in United States v. Perez, 22 U.S. 579 (1824). In Illinois v. Somerville, 410 U.S. 458 (1973), where prosecutorial neglect in the drawing of an indictment was the basis for granting a mistrial, the High Court found no double-jeopardy and restated the doctrine as follows: " 'The double-jeopardy provision of the Fifth Amendment, however, does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end

---

[1]The alleged offense took place June 4, 1971. The entire Uniform Narcotic Drug Act, Stats. of Nev. 1937, ch. 23, was supplanted by the Uniform Controlled Substances Act, Stats. of Nev. 1971, ch. 667, p. 1999 et seq., effective January 1, 1972. ·

in a final judgment. Such a rule would create an insuperable obstacle to the administration of justice in many cases in which there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed. There may be unforeseeable circumstances that arise during a trial making its completion impossible, such as the failure of a jury to agree on a verdict. In such event the purpose of law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the defendant to trial again. And there have been instances where a trial judge has discovered facts during a trial which indicated that one or more members of the jury might be biased against the Government or the defendant. It is settled that the duty of the judge in this event is to discharge the jury and direct a retrial. *What has been said is enough to show that a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments.'* Wade v. Hunter, 336 U.S. [684], at 688–689." 410 U.S. at 470. Cf. Simmons v. United States, 142 U.S. 148 (1891). This court has not departed from the *Perez* doctrine. See Merritt v. District Court, 67 Nev. 604, 222 P.2d 410 (1950); State v. Helm, 66 Nev. 286, 209 P.2d 187 (1949); State of Nevada v. Pritchard, 16 Nev. 101 (1881).

In the factual posture of this case there was a "manifest necessity" to declare a mistrial and the trial judge properly exercised his discretion. The appellant was not twice put in jeopardy within the meaning of the Fifth Amendment to the Constitution of the United States [made applicable to the States through the Due Process Clause of the Fourteenth Amendment, Benton v. Maryland, 395 U.S. 784 (1969)], or the Nevada Constitution Art. 1, § 8.

The order denying habeas relief is affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZEN- OFF, JJ., concur.