MICHAEL ROSS FRANKO, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10107

September 28, 1978 584 P.2d 678

---

*Morgan D. Harris,* Public Defender, and *Herbert F. Ahlswede,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Edward R. Kane,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted, upon a jury verdict, of battery with intent to commit rape with use of a deadly weapon (NRS 200.400;[1] NRS 193.165), and of robbery with use of a deadly weapon (NRS 200.380; NRS 193.165). He appeals that conviction, and the enhanced sentences imposed upon each count for use of a deadly weapon.

1. *The Facts.*

The incident leading to the arrest and conviction of appellant occurred at the Silver City Mini Mall in Las Vegas, where appellant was a recently-employed security guard and the victim was an employee of one of the shops. On the evening of October 4, 1976, appellant surprised the victim in the store. The appellant drew his gun, and attempted to rape her. Either dissuaded by her entreaties or fearful of discovery, he eventually abandoned the attempt. He then demanded the victim's pocketbook at gunpoint, withdrawing her driver's license, and warning her that if she went to the police, he would return and kill her.

Appellant seeks reversal on the ground that the court erred in admitting two items of evidence, and on the further ground that the court erred in sentencing him to enhanced penalties on both the battery with intent to rape and the robbery convictions. We disagree and affirm.

---

[1]Since amended. 1977 Nev. Stats., ch. 598, § 8, at 1628-29.

## 2. *The Evidence.*

The victim testified that during the incident appellant had torn and ripped several buttons from her blouse. She further testified that after the incident she had attempted to mend the blouse and replace the buttons, but had then thrown it in a closet, where it had remained until the district attorney requested that she bring it on the day of the trial. The blouse was admitted into evidence over objection.

Appellant's objections to the witness' possession of the blouse and its altered condition go to the weight of the evidence, rather than its admissibility, which "is within the sound discretion of the trial court and will be respected in the absence of grave abuse." Bishop v. State, 92 Nev. 510, 521, 554 P.2d 266 (1976). A proper foundation may be established either by a chain of custody or through identification by an appropriate witness. State v. Noble, 514 P.2d 460 (Ariz. 1973); *see* Bishop v. State, *supra;* Sorce v. State, 88 Nev. 350, 497 P.2d 902 (1972). In this case, the victim's identification of the blouse was sufficient. The alterations, to which the victim testified in detail, were not prejudicial to appellant. NRS 47.040. Nor does alteration of physical evidence, when explained to the jury, in itself compel exclusion of the item. State v. Hood, 356 P.2d 1100 (Or. 1960). Whether the evidence was "sufficiently similar" to be "proper evidence of its former condition", 4 Wigmore, *Evidence* § 1154(6), at 332 (Chadbourn rev. 1972), was a determination which is properly addressed to the sound discretion of the trial court, and will not be disturbed on appeal.

## 3. *The Attorney-Client Privilege.*

Appellant on direct examination by his attorney testified that before he gave his statement to the police regarding his involvement in the case one of the detectives had harassed him.

On cross-examination the prosecutor inquired if the appellant had told his attorney about the harassment. There being no objection to the question, the appellant said that he had. When asked when, appellant replied that he first told his wife and then his attorney in October, 1976.

In State v. Ingels, 104 P.2d 944 (Wash.), *cert. denied* 311 U.S. 708 (1940), the defendant on direct examination testified regarding a certain transaction. On cross-examination, he was asked if he had told his attorney about the transaction. After noting that the privilege should be carefully guarded, the Washington court held that when a defendant had testified to a fact, the trial court did not err in permitting the state to inquire

if he had advised his attorney of the fact. In reference to the rule, the court said at page 959,

> In 3 Wharton's Criminal Evidence, 11th Ed., 2098, § 1236, the rule is stated as follows: "While the privilege against revealing confidential communications between attorney and client may be waived by the client, the evidence of the waiver must be distinct and unequivocal. . . . At least, the mere fact that the client, whether he is an ordinary witness in a criminal prosecution or the accused, testifies does not constitute a waiver; nor does the fact that he calls his attorney as a witness without examining him as to such privileged communication. But if the client opens up the subject in his testimony by voluntarily testifying thereto, the privilege is deemed waived.
>
> The supreme court of Minnesota, in the case of State v. Tall, 43 Minn. 273, 45 N.W. 449, 450, considering the matter of cross-examination of a material witness for the defendant in a criminal action as to whether or not he had communicated to his attorney a fact to which he had testified, used the following language: "The privilege belongs to the client, and not to the attorney, and where the client testifies to the fact in question there can be no reason, in general, why he may not be required to testify as to whether he had communicated that fact to his attorney."

### 4. *The Enhanced Penalty Statute.*

Appellant was sentenced to prison for two years for battery with intent to commit rape, with an additional two years for use of a deadly weapon, plus fifteen years for robbery, with an additional fifteen years for use of a deadly weapon in the commission of that offense. The robbery sentence was suspended, and appellant was placed on probation for five years.

Appellant contends that since there was only "one use" of a deadly weapon, the imposition of two separate sentences for that use violates the rule that when the same evidence is required, then there is but one offense and it is improper to charge separate counts. We disagree.

Since the additional penalty imposed for use of a deadly weapon is not an "offense" at all, NRS 193.165(2); Woofter v. O'Donnell, 91 Nev. 756, 542 P.2d 1396 (1975), the rule to which appellant refers does not apply. In Woods v. State, 94 Nev. 435, 581 P.2d 444 (1978), this Court held that the test is whether each underlying count requires proof of an additional fact which the other does not. In this case, there can be little doubt that the underlying offenses of battery with intent to

commit rape, and robbery, required proof of different facts. *Compare* NRS 200.400 and 200.380. *Cf.* Wright v. State, 94 Nev. 415, 581 P.2d 442 (1978). Imposition of an enhanced penalty for each offense was therefore entirely appropriate and did not violate the due process rights of appellant.

The conviction and sentence of appellant are affirmed.