PATRICK CHARLES McKENNA, AKA CHARLES JAMES, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 11633

October 29, 1980                    618 P.2d 348

*Manos & Cherry,* Las Vegas, for Appellant.

*Richard Bryan,* Attorney General, Carson City; and *Robert Miller,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

A jury convicted appellant of sexual assault (three counts),

second-degree kidnapping with use of deadly weapon (two counts), and robbery. The trial court sentenced appellant to serve consecutively three life imprisonments, with possibility of parole, and five terms of fifteen years.

Appellant was charged with kidnapping, sexually assaulting, and robbing two women at the Paradise Resort Inn in Las Vegas, Nevada, on July 9, 1978. He forced the two women to move at knifepoint from their room to another hotel room, and then return. He threatened them with injury if they called for help or aroused suspicion. Upon return to the room, appellant bound the women, sexually assaulted, and robbed them. He also said he would shoot one of them if they did not obtain $300 for him by evening. At trial the prosecution introduced testimony that appellant had displayed a rifle and had mentioned a handgun to a witness prior to the crimes.

Appellant claims that the trial court erred in excusing a juror and seating the alternate to render a verdict; in determining that the kidnapping charges did not merge into the associated offenses; in admitting evidence of the firearms; and, in refusing appellant's proposed jury instruction.

1. We first consider whether the trial court erred in dismissing the juror and seating an alternate juror. When the jurors were ready to begin deliberations, a juror explained that she would be unable to follow the trial court's instructions because she was not impartial. A juror who will not weigh and consider all the facts and circumstances shown by the evidence for the purpose of doing equal and exact justice between the State and the accused should not be allowed to decide the case. Merritt v. District Court, 67 Nev. 604, 222 P.2d 410 (1950); *cf.* Sorce v. State, 88 Nev. 350, 497 P.2d 902 (1972). In our view, the trial court acted properly in allowing the alternate juror to deliberate in place of the disqualified juror rather than declare a mistrial. NRS 175.061(1), (3).

2. We next affirm appellant's conviction for second-degree kidnapping. The removal of the victims from one hotel room to another and back again was movement over and above that required to complete the associated crime charged. Jefferson v. State, 95 Nev. 577, 599 P.2d 1043 (1979).

3. Even assuming that the trial court should have excluded testimony concerning the firearms, appellant has not demonstrated that the error affected a substantial right. NRS 47.040.

4. The jury instruction appellant requested was substantially covered by another instruction. Collins v. State, 88 Nev. 168, 494 P.2d 956 (1972); McNeeley v. State, 81 Nev. 663, 409 P.2d 135 (1965). The court did not err in refusing to give proposed Instruction A.[1]

Affirmed.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and BATJER, JJ., concur.

---

[1] NRS 175.181(1) provides:

"No instruction shall be given relative to the failure of the person charged with the commission of crime or offense to testify, except, upon the request of the person so charged, the court shall instruct the jury that, in accordance with a right guaranteed by the constitution, no person can be compelled, in a criminal action, to be a witness against himself."

Appellant's proposed instruction read:

"It is a constitutional right of a defendant in a criminal trial that he may not be compelled to testify. Thus the decision as to whether he should testify is left to the defendant, acting with the advice and assistance of his attorney. You must not draw any inference of guilt from the fact that he does not testify, nor should this fact be discussed by you or enter into your deliberations in any way."