THE STATE OF NEVADA, Appellant, *v.* DANIEL RAY CONNERY, Respondent.

No. 14280

April 25, 1984                              679 P.2d 1266

*Brian McKay,* Attorney General, Carson City; *Robert Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Appellant.

*Peter L. Flangas,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order dismissing an information charging respondent with robbery with the use of a deadly weapon. The lower court dismissed the information on the ground that since respondent's previous trial ended in a mistrial, reprosecution of the respondent was barred by a former jeopardy. The state contends that manifest necessity warranted the declaration of the previous mistrial, and therefore, that the lower court erred in dismissing the information. We agree.

On February 2, 1982, a jury was empanelled to hear the charges against respondent. Once the jury was empanelled, the court recessed the trial until the next day. On the next day, the district attorney informed the court that the victim of the crime, a critical prosecution witness, attempted suicide the night before and was unavailable to tesify. The district attorney requested a continuance and, if a continuance was unavailable, a mistrial. The lower court refused to grant a continuance, but did grant a mistrial over respondent's objection.

Shortly before respondent was due to be reprosecuted, respondent moved to dismiss the information on the ground that the previous trial constituted a former jeopardy which barred his reprosecution. In particular, he asserted that where a witness voluntarily absents herself from trial by attempting suicide, a manifest necessity for the mistrial does not exist. The lower court apparently agreed with this argument and ordered the information dismissed. This appeal followed.

A defendant may not be put in jeopardy twice for the same offense. U.S. Const. amend. V; Nev. Const. art. I, § 8. Where,

however, a defendant has been placed in jeopardy in a trial which is terminated prior to an acquittal or a conviction, retrial is not automatically barred. Williamson v. Sheriff, 89 Nev. 507, 515 P.2d 1028 (1973); NRS 174.085(4). Retrial is not prohibited by the double jeopardy bar if a prosecutor demonstrates "manifest necessity" for the mistrial. Arizona v. Washington, 434 U.S. 497, 505 (1978).

In the present case, the lower court's dismissal of the information was apparently based on respondent's argument that manifest necessity for a mistrial is not established where the witness voluntarily absented herself from trial by an attempted suicide. This holding has no support in the law.

The courts which have reviewed cases similar to this have focussed on the prosecutor's conduct in preparing his case for trial. If the prosecutor is in some way responsible for the unavailability of a critical prosecution witness, then a manifest necessity for a mistrial is not established. See Downum v. United States, 372 U.S. 734 (1963) (prosecutor failed to subpoena critical witness); McNeal v. Hollowell, 481 F.2d 1145, 1152 (5th Cir. 1973) cert. denied 415 U.S. 951 (1974) (testimony of witness who asserted fifth amendment privilege not sufficiently insured by prosecutor).[1] Where, however, the prosecutor is not responsible for the unavailability of a witness, the courts have not hesitated to uphold a finding that manifest necessity warranted a mistrial. See Hall v. Potoker, 403 N.E.2d 1210 (N.Y. 1980); State v. Misten, 554 P.2d 584 (Or.Ct.App. 1976).

In the present case the prosecutor was fully prepared to present his evidence at trial. The prosecutor was unaware that a critical witness would not appear at trial until after jeopardy attached, and the prosecutor had no reason to anticipate prior to trial that the witness would not appear. The record does not suggest that the prosecutor was in any way responsible for the unavailability of the witness. In sum, the record does not establish that the prosecutor was engaged in any oppressive practice which the double jeopardy prohibition is designed to prevent.

The record establishes only that the witness' own conduct was the sole reason for her failure to appear. The witness' absence would have effectively prevented the state from presenting its case. There was consequently a manifest necessity for the mistrial. See Arizona v. Washington, supra.

We therefore conclude that the mistrial was properly granted in the first instance, and that the lower court erred in later

determining that the actions of the witness negated the manifest necessity for the mistrial. Accordingly, we reverse the order of the district court dismissing the information, and we remand this case for trial.[2]

SPRINGER, A. C. J., STEFFEN and GUNDERSON, JJ., concur.

---

[1]Respondent has asserted for the first time on appeal that the record does not reflect that the witness was subpoenaed for trial and that this establishes the prosecutor's responsibility for the unavailability of the witness. Respondent conceded in the court below, however, that the witness was subpoenaed for trial.

[2]CHIEF JUSTICE NOEL E. MANOUKIAN is disqualified in this case. JUSTICE JOHN C. MOWBRAY voluntarily recused himself.