# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL THOMAS CULLETTO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79440

FILED

NOV 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of principal to trafficking in a controlled substance and conspiracy to violate the Uniform Controlled Substance Act.[1] Ninth Judicial District Court, Douglas County; Thomas W. Gregory, Judge.

U.S. Customs and Border Protection intercepted three packages being shipped from the Netherlands to Stateline, Nevada that contained MDMA. An agent with the Department of Homeland Security (DHS) took over the investigation and set up a controlled delivery at a Stateline post office. Appellant Michael Culletto maintained a post office box at the location under the name Miles Silva. He and another individual picked up the packages from the post office where law enforcement arrested them.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-41511

First, Culletto argues that reversal is warranted because he was improperly convicted based on uncorroborated accomplice testimony. *See* NRS 175.291 (prohibiting convictions based on an accomplice's testimony unless it is corroborated by other evidence that independently connects the defendant to the crime). We disagree because sufficient evidence—independent of the accomplice testimony—connected Culletto to the commission of the charged crimes. During surveillance of the post office, a detective with the Nevada Department of Public Safety (DPS) observed Culletto and the accomplice arrive at the post office in a van. Culletto entered the post office and exited with a postal slip. The accomplice then entered and returned to the van with the packages, which were addressed to Miles Silva. Laboratory testing confirmed the packages contained MDMA. A cooperating informant identified Culletto as the individual he knew as "Sketchy South Lake." The informant allowed law enforcement to access his cell phone and record voicemails from Sketchy South Lake discussing getting arrested with the accomplice and losing a large quantity of ecstasy. The informant's testimony also linked Culletto to the alias Miles Silva. And the informant allowed law enforcement to set up a meeting with Sketchy South Lake using his cell phone. At the meeting, Culletto arrived and law enforcement took him into custody. Absent the accomplice testimony, this evidence sufficiently connected Culletto to the charged crimes. *See Heglemeier v. State*, 111 Nev. 1244, 1250, 903 P.2d 799, 803 (1995) (providing that corroborative evidence may be direct or circumstantial); *Cheatham v. State*, 104 Nev. 500, 504-05, 761 P.2d 419, 422 (1988) ("Corroboration evidence also need not in itself be sufficient to establish guilt, and it will satisfy the statute if it merely tends to connect

the accused to the offense."). Accordingly, reversal is not warranted on this issue.

Next, Culletto argues that the State failed to establish a proper chain of custody for the seized packages sufficient to render the laboratory test results of the contents admissible as evidence at trial. Culletto contends that insufficient evidence established the chain of custody for the packages before the DHS agent took possession and before testing. However, the prosecution's obligation to demonstrate the chain of custody "does not mean that everyone who laid hands on the evidence must be called." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 n.1 (2009); *see also Sorce v. State*, 88 Nev. 350, 352-53, 497 P.2d 902, 903 (1972) ("[I]t is sufficient to establish only that it is reasonably certain that no tampering or substitution took place, and the doubt, if any, goes to the weight of the evidence."). Here, the DHS agent testified that during the investigation he learned that packages had been intercepted by customs, they were sent to his office, and he sent them to the post office for the controlled delivery. Further, the agent identified a photograph of the three packages as the ones used in the controlled delivery. *See Franko v. State*, 94 Nev. 610, 613, 584 P.3d 678, 679 (1978) ("A proper foundation may be established either by a chain of custody or through identification by an appropriate witness."). The DPS detective testified that after the controlled delivery and Culletto's arrest, the packages were processed into evidence, given a unique case number, and sent to the crime lab. And a criminalist testified that he tested the contents of the packages labeled with that unique case number. Therefore, any gaps in the chain of custody went to the weight of the evidence, not its admissibility, and we conclude the district court did not abuse its discretion by admitting the laboratory test results. *See Mclellan*

*v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) ("We review a district court's decision to admit or exclude evidence for an abuse of discretion."); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) ("[I]t is the jury's function, not that of the [reviewing] court, to assess the weight of the evidence and determine the credibility of witnesses.").

Finally, Culletto argues that the district court relied on impalpable or highly suspect evidence at sentencing because the sentence recommendation scale in his Presentence Investigation Report (PSI) did not allow for a sentence of less than life with the possibility of parole. We review a district court's sentencing decision for an abuse of discretion. *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009). At sentencing, Culletto argued for a sentence of 25 years with the possibility of parole after 10 years. *See* NRS 453.3385(1)(c)[2] (providing the two potential penalties for trafficking in 28 grams or more of a controlled substance). While the district court considered the PSI, it expressly stated that the sentence of life with the possibility of parole after 10 years was appropriate based on Culletto's criminal history and the facts of the case. Thus, the district court made a clear record of its reasons for sentencing Culletto as it did and no abuse of discretion occurred. *See Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996) ("Possession of the fullest information possible concerning a defendant's life and characteristics is essential to the sentencing judge's task of determining the type and extent of punishment."); *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976) ("So long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect

---

[2]Culletto was convicted and sentenced before the recent amendments to NRS 453.3385.

SUPREME COURT
OF
NEVADA

(O) 1947A

4

evidence, this court will refrain from interfering with the sentence imposed."). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish


cc:    Hon. Thomas W. Gregory, District Judge
Kristine L. Brown
Attorney General/Carson City
Douglas County District Attorney/Minden
Douglas County Clerk