# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEVONTAY AYCOCK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79684



FILED

JUN 11 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted murder with the use of a deadly weapon and battery with the use of a deadly weapon resulting in substantial bodily harm.[1] Eighth Judicial District Court, Clark County; Jacqueline M. Bluth, Judge.

First, appellant Devontay Aycock argues that insufficient evidence supports his convictions; and, instead, the evidence shows he acted in self-defense. When reviewing a challenge to the sufficiency of the evidence supporting a criminal conviction, this court considers "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

---

[1]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

21-16894

We conclude that sufficient evidence supports the convictions. Aycock admitted to shooting at the victim a total of 17 times and surveillance video of the altercation shows Aycock continuing to shoot the victim as he lay in the street with his hands raised in a defensive posture. Further, an eyewitness testified that the victim was unarmed and did not threaten anyone. And, while Aycock testified that he feared for his life and believed that the victim reached for a weapon, this court has consistently "held that where there is conflicting testimony presented, it is for the jury to determine what weight and credibility to give to the testimony." *Stewart v. State*, 94 Nev. 378, 379, 580 P.2d 473, 473 (1978) (internal quotation marks omitted); *see also Rose v. State*, 123 Nev. 194, 202-03, 163 P.3d 408, 414 (2007) (providing that this court will not reweigh the evidence or substitute its judgment for that of the jury). Based on the evidence presented, a rational juror could find the essential elements of the crimes charged and conclude that Aycock did not act in self-defense. *See* NRS 193.165; NRS 193.330; NRS 200.010; NRS 200.481; *Runion v. State*, 116 Nev. 1041, 1051-52, 13 P.3d 52, 59 (2000) (discussing the circumstances that justify lethal force in self-defense).

Second, Aycock argues that the district court erred in instructing the jury on self-defense because the instructions misstated the law and confused the jury. We review claims of instructional error for an abuse of discretion. *See Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001). "[W]hether a proffered instruction is a correct statement of the law presents a legal question which we review de novo." *Nay v. State*, 123 Nev. 326, 330, 167 P.3d 430, 433 (2007).

While Aycock contends that several self-defense instructions misstated the law, reviewing the challenged instructions shows that they accurately reflect Nevada's self-defense statutes. *See* NRS 200.120; NRS 200.130; NRS 200.160; NRS 200.200. Therefore, we conclude Aycock has not shown that the district court abused its discretion or that the challenged instructions misstated the law. Aycock also contends that the district court erred by instructing the jury on the meanings of affray and trespass. *See* NRS 203.050 (defining affray); NRS 207.200 (defining trespass). We disagree because the State presented evidence, which included eyewitness testimony and surveillance video of the incident, that Aycock may have committed both offenses in relation to his claim of self-defense. *See* NRS 200.120(2) (providing circumstances where "[a] person is not required to retreat before using deadly force"); *Runion*, 116 Nev. at 1051, 13 P.3d at 58-59 (2000) (providing that whether "instructions are appropriate in any given case depends upon the testimony and evidence of that case"). Therefore, we conclude the district court did not abuse its discretion in settling the jury instructions.[2]

Third, Aycock argues that the district court erred in admitting evidence related to his former codefendant Ryan Kennedy. Kennedy participated in the incident and drove Aycock away from the scene.

---

[2]To the extent that Aycock contends that the State made improper arguments based on the jury instructions, he does not raise a claim of prosecutorial misconduct or provide relevant authority. Therefore, we decline to consider these arguments. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (providing that a party must "present relevant authority and cogent argument; issues not so presented need not be addressed by this court").

Specifically, Aycock challenges the admission of Kennedy's GPS monitoring device and Kennedy's testimony that he destroyed the firearm he used during the altercation. "We review a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008).

The record shows that the district court adequately considered the questions of relevance and unfair prejudice in overruling Aycock's objections. The district court found the GPS evidence relevant to show that Kennedy was at the scene and driving the vehicle Aycock used to flee the scene. The district court also found Kennedy's testimony about destroying firearms relevant to show why law enforcement did not recover the firearm. *See* NRS 48.015 (defining "relevant evidence" as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence"). And the probative value was not outweighed by the danger of unfair prejudice given that Aycock testified that he used a firearm during the altercation and fled the scene in the car. *See* NRS 48.035(1) (providing that relevant evidence is not admissible when its "probative value is substantially outweighed by the danger of unfair prejudice"). Therefore, we conclude that the district court acted within its discretion in admitting this evidence.[3] *See Jackson*, 117 Nev. at 120, 17 P.3d at 1000 ("An abuse of

---

[3]To the extent Aycock contends that the surveillance video should not have been admitted based on a lack of foundation, we disagree because a digital forensics investigator testified that he obtained and downloaded the video from a residential security system that captured the altercation. *See*

discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason.").

Finally, Aycock argues that the cumulative effect of errors denied him a fair trial. We disagree. Having found no errors, there is nothing to cumulate. *See Watson v. State*, 130 Nev. 764, 790 n.11, 335 P.3d 157, 175 n.11 (2014). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:   Hon. Jacqueline M. Bluth, District Judge
Law Offices of Martin Hart, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

*Franko v. State*, 94 Nev. 610, 613, 584 P.2d 678, 679 (1978) ("A proper foundation may be established either by a chain of custody or through identification by an appropriate witness.").