STATE OF NEVADA, PETITIONER, v. JOSEPH DONALD RICCI AND GARY STEPHEN ELLINGTON, RESPONDENTS.

No. 6760

April 6, 1972                                    495 P.2d 614

_____

*Robert List,* Attorney General, *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Petitioner.

*Sanford, Sanford & Fahrenkopf,* of Reno, for Respondent Joseph Donald Ricci.

*Vargas, Bartlett & Dixon,* of Reno, for Respondent Gary Stephen Ellington.

## OPINION

By the Court, THOMPSON, J.:

The respondents stand jointly charged with murder. Following a preliminary examination, the Justice of the Peace found probable cause to believe that the offense had been committed and that they committed it. Consequently, he ordered them to answer in the district court. There, they requested release by habeas corpus upon the sole ground that the evidence received at the preliminary examination did not establish probable cause to hold them for trial. The district court declined to rule upon that contention. Instead, it remanded the case to the Justice of the Peace for another preliminary examination with the direction "to hear and weigh the testimony provided by both sides and weigh and judge the credibility of all witnesses

and evidence presented." That ruling precipitated this original proceeding for writs of certiorari, mandamus and prohibition. The State contends that certiorari is appropriate since the district court exceeded its jurisdiction in entering the remand order (NRS 34.020(2)); that mandamus should issue to compel the district court to decide the single contention presented by the habeas petitions (NRS 34.160); and that a second preliminary examination should be prohibited (NRS 34.320). All agree that the challenged order is not one for which review by appeal has been provided.

It is not suggested that a jurisdictional defect existed in the preliminary examination or that it was irregularly conducted. Both sides offered evidence and a conflict on material points developed. The prosecutor argued that the credibility of witnesses was not the concern of the Justice's Court. This argument was disputed by defense counsel. However, the prosecutor's statement apparently prompted the district court to decline to rule upon the subsequent petitions for habeas corpus grounded upon the insufficiency of the evidence to establish probable cause, and to remand the matter for a second preliminary examination with the direction to weigh the evidence and the credibility of witnesses. The record of the preliminary examination does not contain the slightest hint that the Justice of the Peace was influenced by the prosecutor's argument in finding probable cause to hold the respondents for trial.[1]

A district court does not possess statutory authority to order a second preliminary examination where the sole issue tendered to the court is whether the petitioners for habeas relief have been committed without reasonable or probable cause.[2] The court's duty is to decide the issue and either discharge the petitioners, NRS 34.500(7); 34.640, or continue them under restraint, NRS 34.550; 34.640. Indeed, were we to assume that the prosecutor's statement concerning the credibility of

---

[1] In the district court the prosecutor offered the Justice of the Peace as a witness on that point, but the Court would not allow his testimony.

[2] In certain instances a district court may order a preliminary examination where none has been held. NRS 171.208. Moreover, if it appears that there is a defect in the institution of the prosecution, or in the indictment, information or complaint, the court may grant a motion addressed to that point and order the accused held in custody or that his bail be continued for a specified time pending the filing of a new indictment, information or complaint. NRS 174.145. These statutes do not bear upon the case at hand.

witnesses somehow influenced the magistrate in deciding probable cause (an unwarranted assumption upon this record), the correction thereof is by review in the district court through appropriate petitions for habeas corpus. Cf. Bonnenfant v. State, 86 Nev. 393, 469 P.2d 401 (1970). If probable cause does not exist, the district court will order the petitioners discharged. If it does exist, they will be held for trial. We find no authority in support of the order entered below and conclude that it was entered in excess of jurisdiction. Accordingly, we grant the requested writs and direct the district court to rule upon the petitions for habeas corpus tendered to that court by Ricci and Ellington, i.e., to decide whether the record of the preliminary examination contains sufficient evidence to sustain the magistrate's finding of probable cause to hold them for trial. The remand of the district court for a second preliminary examination is voided and that examination is prohibited.

ZENOFF, C. J., and BATJER, MOWBRAY, and GUNDERSON, JJ., concur.