BARNELL BISHOP, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 6840

November 10, 1972                         502 P.2d 1098

*Morgan D. Harris,* Public Defender, and *Jeffrey D. Sobel,* Chief Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant, charged with four counts of murder (NRS 200.010), with robbery (NRS 200.380), and with second-degree arson (NRS 205.015), contends the trial court erred in failing to grant habeas, because (1) there was insufficient evidence adduced at the preliminary hearing to establish probable cause and (2) the magistrate failed to conduct a closed hearing. We reject both contentions.

1.   We believe the district court correctly determined, contrary to appellant's contentions, that there was "probable cause to believe that . . . offense[s] [murder, robbery and second-degree arson] ha[d] been committed and that the defendant ha[d] committed [them], . . . NRS 171.206.

"A preliminary examination is not a trial. [Citation omitted.] At the preliminary examination, where the state is charged only with the burden of showing that a crime has been committed and that the accused probably committed it, the quantum of proof is not so great as at the trial, where the state's burden is to prove guilt beyond a reasonable doubt. [Citations omitted.] Moreover, we have held that to commit a defendant for trial the state is not required to negate all inferences but need only present enough proof to support a reasonable inference that the accused committed the offense. [Citation

omitted.]" Whittley v. Sheriff, 87 Nev. 614, 616, 491 P.2d 1282, 1283 (1971).

A factual recitation from the 625-page record before us would serve no useful purpose. Suffice it to say, there is sufficient evidence to establish probable cause.

2. Appellant was afforded two preliminary hearings in this case. At the first hearing, the magistrate declined appellant's request for a closed hearing, apparently believing that the 1969 legislative amendment to NRS 171.204 granted the magistrate discretion in the matter.[1] We need not decide this question, because appellant was ordered to stand trial after a second preliminary hearing, which was a closed hearing.

Since neither of appellant's contentions has merit, the judgment of the trial court is affirmed.

---

[1]Prior to the 1969 amendment of NRS 171.204, a closed hearing was mandatory when requested by defendant. See Azbill v. Fisher, 84 Nev. 414, 442 P.2d 916 (1968).