JOSEPH DONALD RICCI, Appellant, v. SHERIFF,
WASHOE COUNTY, NEVADA, Respondent.

No. 7054

December 12, 1972                              503 P.2d 1222

*Sanford, Sanford & Fahrenkopf,* of Reno, for Appellant.

*Robert List,* Attorney General, of Carson City, *Robert E.
Rose,* District Attorney, and *Larry R. Hicks,* Chief Criminal
Deputy, Washoe County, for Respondent.

## OPINION

By the Court, Zenoff, C. J.:

Appellant, charged with murder, in violation of NRS
200.010, contends the trial court erred in failing to grant

habeas because (1) there was insufficient evidence adduced at the preliminary hearing to establish probable cause, and (2) of prosecutorial misconduct. We reject both contentions.

This case has been before us previously. See State v. Ricci, 88 Nev. 220, 495 P.2d 614 (1972), an extraordinary proceeding in which we directed "the district court to rule upon the petitions[1] for habeas corpus tendered to that court by Ricci . . . , to decide whether the record of the preliminary examination contains sufficient evidence to sustain the magistrate's finding of probable cause to hold [him] for trial." 88 Nev. at 223, 495 P.2d at 615.

After our issuance of the writs in State v. Ricci, supra, an amended petition for habeas corpus was filed in the district court, alleging, in addition to insufficiency of the evidence to establish probable cause, the question of prosecutorial misconduct. From a denial of the amended petition for habeas relief, this appeal.

1. Appellant concedes the evidence adduced at the preliminary hearing established probable cause that he fired the shot that resulted in the homicide but vigorously contends that his testimony showed the offense lacked the magnitude of murder, for which he was charged.

"[E]ven on a murder charge the quantum of proof necessary in order to hold an accused to answer in the district court is only that it appear to the magistrate, from substantial and competent evidence, that an offense has been committed and that the defendant committed it. When the evidence is in conflict at the preliminary examination it is the function of the magistrate to determine the weight to be accorded the testimony of the witnesses, and so long as an inference of criminal agency can be drawn from the evidence it is proper for the magistrate to draw it, thereby leaving to the jury at the trial the ultimate determination of which of the witnesses are more credible. Miner v. Lamb, 86 Nev. 54, 464 P.2d 451 (1970). Hanley v. State, 85 Nev. 154, 451 P.2d 852 (1969).

"Upon the trial of this cause the evidence that the appellant presents in his defense may be sufficiently persuasive to result in a conviction on a lesser charge, or even acquittal. However, the accused's explanation for the homicide, being in the nature of a defense, whether true or false, reasonable or unreasonable, is for the trier of fact to consider at the trial, and neither the

---

[1]Ellington, a co-defendant, has subsequently died and all proceedings against him have been dismissed.

preliminary examination nor the hearing on the habeas petition is designed as a substitute for that function. State v. Fuchs, 78 Nev. 63, 368 P.2d 869 (1962).

"On the record of the preliminary examination there is sufficient competent evidence to make it appear that the crime of murder had been committed and there is probable cause to believe that the appellant committed it. In re Ervin, 76 Nev. 297, 352 P.2d 718 (1960)." Bryant v. Sheriff, 86 Nev. 622, 624–625, 472 P.2d 345, 346 (1970). Bishop v. Sheriff, 88 Nev. 580, 502 P.2d 1098 (1972).

2. The charge of misconduct is directed to the prosecutor's argument that the credibility of witnesses was not the concern of the magistrate. Appellant contends that even if there was sufficient evidence to establish probable cause to hold him for trial that the statement was sufficiently prejudicial to imbed illegality on the proceedings. Such contention is erroneous for two reasons. First, the statement was not considered serious enough to provoke an objection by defense counsel at the time it was made and it will not now be considered. Bonnenfant v. State, 86 Nev. 393, 469 P.2d 401 (1970); Mears v. State, 83 Nev. 3, 422 P.2d 230 (1967); Kuk v. State, 80 Nev. 291, 392 P.2d 630 (1964). Second, "the record of the preliminary examination does not contain the slightest hint that the Justice of the Peace was influenced by the prosecutor's argument in finding probable cause to hold the respondents for trial." State v. Ricci, 88 Nev. at 222, 495 P.2d at 615.

Since neither of appellant's contentions possess merit, the judgment of the trial court is affirmed.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.