EDDIE DEAN WRIGHT, Appellant, *v.*
STATE OF NEVADA, Respondent.

No. 9987

July 12, 1978                              581 P.2d 442

*Morgan D. Harris,* Public Defender, and *R. Michael Gardner,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General; *George E. Holt,* District Attorney, *H. Leon Simon* and *Gordon C. Richards,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from judgments entered upon jury verdicts finding Eddie Dean Wright guilty on three counts of robbery with the use of a deadly weapon (NRS 200.380; NRS 193.165), and three counts of kidnaping with the use of a deadly weapon (NRS 200.310(1); NRS 193.165),[1] for which he has been sentenced to serve respectively three terms of 30 years on the robbery charges and three terms of life with the possibility of parole on the kidnaping charges. All sentences are to run concurrently.

Shortly after midnight on February 11, 1977, three young black males entered the lobby of the Ambassador Motel in Las Vegas. One of them, Wright, pulled a revolver on the night clerk, while another drew on the night auditor. After emptying the cash register behind the counter the two victims were told to walk to a back office, a distance of 20 to 40 feet. The night auditor subsequently was taken back to the lobby to open the safe. Upon his return to the back office he and the clerk were told to lie face down on the floor where they were taped hand and foot. A motel guest who had entered the lobby also was taken to the back office and taped. The victims were threatened while lying on the floor. The robbers then left. The episode lasted three to five minutes.

1. The appellant contends that the kidnaping involved a contemporaneous robbery and should not be considered a separate crime citing People v. Levy, 204 N.E.2d 842 (N.Y. 1965), and People v. Daniels, 459 P.2d 225 (Cal. 1969). In Levy the court noted that it was common in robbery to confine a victim at gunpoint, or bind and detain him, or move him to another room. The court then concluded that it was unlikely that the legislature intended for the offender to be guilty of kidnaping even though that crime could be found by a literal application of the words of the kidnaping statute.

---

[1] NRS 193.165 provides a greater punishment when one uses a firearm or other deadly weapon in committing a crime. The statute is constitutional. Woofter v. O'Donnell, 91 Nev. 756, 542 P.2d 1396 (1975).

In Daniels the court ruled that if the movements of the victim are incidental to the commission of the robbery and do not substantially increase the risk of harm over and above that necessarily present in the crime of robbery itself, the kidnaping conviction cannot stand.

Kidnaping and robbery are separate and distinct crimes. Lovell v. State, 92 Nev. 128, 546 P.2d 1301 (1976); Eckert v. Sheriff, 92 Nev. 719, 557 P.2d 1150 (1976). However, when the crimes are committed contemporaneously, we must determine whether the legislature intended that the offender be punished for both, or whether its intention was that he be punished only for robbery.[2] Cases elsewhere are not in harmony. Annot., 43 A.L.R.3d 699 (1972).

Our kidnaping statute, NRS 200.310, provides, among other things, that a "person who shall willfully seize, confine, inveigle, entice, decoy, abduct, conceal, kidnap or carry away any individual human being by any means whatsoever . . . for the purpose of committing . . . robbery . . . shall be deemed guilty of kidnaping in the first degree." The penalty therefor, when no substantial bodily harm is sustained by the victim, is life with the possibility of parole. NRS 200.320(2).

The statute is broad in its sweep. Literally applied, it would encompass an ordinary robbery in the course of which the victim happens to be moved from one room to another. Indeed, under a literal reading of NRS 200.310, it is difficult to conceive how any robbery could be accomplished without committing the crime of kidnap: the "forcible taking" necessary to commit robbery under NRS 200.380 necessarily involves some form of "confinement" under NRS 200.310. The penalty for robbery, however, is significantly less severe than that imposed for kidnaping.[3] If, indeed, the movement of the victim is incidental to the robbery and does not substantially increase the risk of harm over and above that necessarily present in the crime of robbery itself, it would be unreasonable to believe that the legislature intended a double punishment. People v. Daniel, supra; cf. Stalley v. State, 91 Nev. 671, 541 P.2d 658 (1975). Within this

---

[2]Stalley v. State, 91 Nev. 671, 541 P.2d 658 (1975), concerned the crimes of kidnaping and rape. The People v. Levy, supra, and People v. Daniels, supra, cases were discussed but found inapposite since the rape and kidnaping were not contemporaneous in the sense expressed in Levy, nor could it be asserted that the risk of harm to the victim was not increased, contrary for the circumstances existing in Daniels.

[3]The penalty for robbery is imprisonment for not less than 1 nor more than 15 years, which may be increased when a firearm or other deadly weapon is used. NRS 200.380(2); NRS 193.165.

context, we approve the reasoning of People v. Daniels. On the other hand, if the movement of the victim results in increased danger over and above that present in the crime of robbery itself, a kidnaping charge also may lie.

In the case at hand the movement of the victims appears to have been incidental to the robbery and without an increase in danger to them. Their detention was only for the short period of time necessary to consummate the robbery. In these circumstances, the convictions for kidnaping must be set aside. People v. Ross, 81 Cal.Rptr. 296 (Cal.App. 1969).

2.    Other assigned errors have been considered and are rejected for lack of merit.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOUKIAN, JJ., concur.