SIDNEY JAMES HAMPTON, AND OCIE FRANKLIN, APPELLANTS, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 11513

March 15, 1979                                          591 P.2d 1146

*Morgan D. Harris,* Public Defender, *Michael L. Miller,* Deputy Public Defender, Clark County, for Appellant Hampton.

*Cremen & Sattler,* Las Vegas, for Appellant Franklin.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *L. J. O'Neale,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, an information was filed charging both appellants with robbery and kidnapping. It was also alleged that both the crimes had been committed with the use of a deadly weapon. Both appellants timely petitioned for writs of habeas corpus and have appealed from the order which denied their habeas petitions.

Neither appellant challenged the robbery charge; however, they both vigorously contend that our decision in Wright v.

State, 94 Nev. 415, 581 P.2d 442 (1978), precludes the kidnapping charge. We agree.

In *Wright* we held that where facts allegedly constituting kidnapping and robbery are contemporaneous, the kidnapping charge would only lie "if the movement of the victim results in increased danger over and above that present in the crime of robbery. . . ." *Id.* at 418, 581 P.2d at 444.

Here, the victim, a paraplegic, was placed in his wheelchair and moved about the area for the stated purpose of coercing him to relinquish additional sums of money. The movement was a part of the general criminal scheme in furtherance of the robbery. Within the context of this scheme, as in *Wright,* such movement was incidental to the robbery, and did not increase the risk to the victim beyond that inherently present in the robbery. Therefore, the district court should have granted the habeas challenges to the kidnapping charges. Accordingly, we reverse.