WILLIE LEE JEFFERSON, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10625

September 12, 1979                              599 P.2d 1043

*Morgan D. Harris,* Public Defender, and *George E. Franzen,* Deputy Public Defender, Clark County, for Appellant.

*Robert J. Miller,* District Attorney, and *H. Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Jefferson entered the California Record Casino in North Las Vegas and requested the clerk, Miss Cowens, to show him certain items which she obtained and placed on the counter. Jefferson then pulled his gun, told the clerk that "this is a stick up," went behind the counter and took money from the cash register. He then directed Miss Cowens to go to the back room where she was told to undress and lie on her stomach. She did so. Jefferson then covered her eyes with a piece of cloth, tied her hands behind her back with scotch tape, and tied her ankles. After looking through bureau drawers, Jefferson departed, warning Miss Cowens that he would shoot if she came out. Miss Cowens managed to free herself, and reported the robbery.

1. The question before us on this appeal is whether the legislature intended that appellant's conduct constitute both a robbery and a second degree kidnaping, or simply a robbery. Appellant relies on our decision in Wright v. State, 94 Nev. 415, 581 P.2d 442 (1978) to support his contention that the conviction for second degree kidnaping must be set aside. Conversely, respondent argues that based on *Wright,* the kidnaping conviction was proper. For reasons explained below, we hold that the second degree kidnaping conviction must be set aside. In doing so, however, we must explain that the test announced in *Wright* is inapplicable where, as here, appellant has been convicted of second degree kidnaping and an associated crime.

In *Wright,* we held that convictions for robbery and first degree kidnaping would not lie where the movement of the victim was incidental to the robbery, and did not substantially

increase the risk of harm over and above that necessarily present in the crime of robbery. *Id.* at 417, 581 P.2d at 443. Both prongs of the *Wright* test are analyzed in light of the associated offense, robbery. This test is uniquely suited to factual situations such as *Wright* where the accused is charged under that part of the first degree kidnaping statute that defines kidnaping in terms of associated offenses.[1] In contrast, second degree kidnaping may be charged regardless of the commission of an associated crime.[2] Hence, the test promulgated in *Wright* for first degree kidnaping is inapposite to cases involving second degree kidnaping. *See* In re Earley, 534 P.2d 721 (Cal. 1975); People v. Brown, 523 P.2d 226 (Cal. 1974); People v. Stanworth, 522 P.2d 1058 (Cal. 1974).

In construing the kidnaping statute, we have established that "[i]t is the *fact,* not the *distance* of forcible removal of the victim that constitutes kidnaping." Jensen v. Sheriff, 89 Nev. 123, 125–126, 508 P.2d 4, 5 (1973). Under this construction, it is apparent that an accused charged with any criminal act that entails incidental movement of the victim could be subjected to an additional charge of second degree kidnaping. In our opinion, the legislature did not intend to impose such a double punishment. *Cf. Wright, supra.* Accordingly, we now hold that where a person has been charged with second degree kidnaping and a separate, associated crime, the charge of second degree kidnaping will lie only where the movement of the victim is

---

[1] NRS 200.310(1) defines first degree kidnaping as follows:

"Every person who shall willfully seize, confine, inveigle, entice, decoy, abduct, conceal, kidnap or carry away any individual human being by any means whatsoever with the intent to hold or detain, or who holds or detains, such individual for ransom, or reward, or for the purpose of committing extortion or robbery upon or from such individual, or to exact from relatives, friends, or other person any money or valuable thing for the return or disposition of such kidnaped person, and every person who leads, takes, entices, or carries away or detains any minor with the intent to keep, imprison, or confine it from its parents, guardians, or any other person having lawful custody of such minor, or with the intent to hold such minor to unlawful service, or perpetrate upon the person of such minor any unlawful act shall be deemed guilty of kidnaping in the first degree."

[2] NRS 200.310(2) defines second degree kidnaping as follows:

"Every person who shall willfully and without authority of law seize, inveigle, take, carry away or kidnap another person with the intent to keep such person secretly imprisoned within the state, or for the purpose of conveying such person out of the state without authority of law, or in any manner held to service or detained against his will, shall be deemed guilty of kidnaping in the second degree."

over and above that required to complete the associated crime charged. *See* In re Earley, 534 P.2d 721, 726 (Cal. 1975).

Applying this test to the case at hand, we do not believe that bringing the victim from the counter to the back room during the course of robbery constitutes movement beyond that required in the robbery. Therefore, the conviction for second degree kidnaping must be set aside.

2. Other assigned errors have been considered and are without merit.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.