SHERIFF, CLARK COUNTY, NEVADA, APPELLANT, *v.*
WILLIAM J. MEDBERRY, RESPONDENT.

No. 12353

February 21, 1980

606 P.2d 181

*Robert J. Miller,* District Attorney, and *Raymond D. Jeffers,* Deputy District Attorney, Clark County, for Appellant.

*John P. Fadgen,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This appeal from an order granting in part a pre-trial petition for a writ of habeas corpus challenges the dismissal of three of the eleven counts with which the respondent herein is charged.

Respondent is one of four inmates being prosecuted on criminal charges as a result of an alleged and aborted jail break at the Clark County Jail between August 25 and 27, 1979, in which three corrections officers were captured and held hostage for 44 hours. Respondent was charged with one count of attempted escape with the use of a deadly weapon, three counts of extortion with the use of a deadly weapon, four counts of furnishing a weapon to a prisoner, and three counts of first degree kidnaping with the use of a deadly weapon. Respondent made application to the district court for a writ of habeas corpus, arguing that the taking of hostages was an integral part of the alleged escape attempt, that any movement of the hostages was insignificant and did not substantially increase their risk of harm, and, therefore, that the first degree kidnaping counts should be stricken from the indictment. The district court granted respondent's petition for habeas corpus as to the three kidnaping counts. For the reasons discussed below we reverse.

We note initially that the quantum of proof necessary to

hold an accused to answer in the district court is only that it appear, from substantial and competent evidence, that an offense has been committed and that the defendant committed it. Ricci v. Sheriff, 88 Nev. 662, 503 P.2d 1222 (1972).

It is true that where an accused is charged with both first degree kidnaping and one of the associated offenses enumerated in the first degree kidnaping statute,[1] the kidnaping charge will not lie if the movement of the victims was incidental to the associated offense and did not increase the risk of harm to the victims. Langford v. State, 95 Nev. 631, 600 P.2d 231 (1979). See also Sparks v. State, 96 Nev. 26, 604 P.2d 802 (1980); Wright v. State, 94 Nev. 415, 581 P.2d 442 (1978). However, whether the movement of the victims was incidental to the associated offense and whether the movement increased the risk of harm to the victims are questions of fact to be determined by the trier of fact in all but the clearest cases. Langford v. State, supra.

In the instant action the evidence suggests that the inmate's victims were moved from the point of their initial capture to other areas within the jail, and that this movement placed them within an area where gunfire was being exchanged between the inmates. This movement arguably increased the risk of danger to the officers, which issue must be ultimately determined by the trier of fact at trial.

Accordingly, we reverse.

---

[1]NRS 200.310(1) reads as follows:

"Every person who shall willfully seize, confine, inveigle, entice, decoy, abduct, conceal, kidnap or carry away any individual human being by any means whatsoever with the intent to hold or detain, or who holds or detains, such individual for ransom, or reward, or for the purpose of committing extortion or robbery upon or from such individual, or to exact from relatives, friends, or other person any money or valuable thing for the return or disposition of such kidnaped person . . . shall be deemed guilty of kidnaping in the first degree."