CURTIS D., A Minor, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 13054

June 15, 1982                                               646 P.2d 547

*Morgan D. Harris,* Public Defender, and *Victor John Austin,* Deputy Public Defender, Clark County, for Appellant.

*Richard Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *D. Thomas Ferraro,* Deputy District Attorney, Clark County, for Respondent.

---

[5]The Honorable David Zenoff, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19.

## OPINION

*Per Curiam:*

Following a contested hearing before a juvenile referee, appellant was found guilty of misdemeanor battery and first degree kidnaping for the perpetration of these crimes upon a thirteen-year-old female.[1] The district court adopted the referee's findings, adjudicated appellant a delinquent and ordered him committed to the Nevada Youth Training Center at Elko, Nevada.

On the afternoon of the assault, the victim was walking alone on a Las Vegas residential street. A pick-up truck, occupied by appellant and two other juvenile males, stopped beside her. In response to a query by appellant, the victim approached the truck, whereupon the driver and the other juvenile forced her into the cab of the vehicle.

The victim was then transported a short distance into the desert where she was taken from the truck. While one of his companions held her, appellant and the other youth cut her on the face, arms and stomach. The assault ended when the victim was pushed and struck her head on a rock. The blow rendered her unconscious. When she regained consciousness the day was becoming dark and the truck was gone.

On appeal, appellant contends that the circumstances do not support a separate charge of first degree kidnaping and there is insufficient evidence to establish his complicity in that crime. We disagree.

---

[1]NRS 200.481(2)(a) (1977) (amended 1979 and 1981) provides:

> 2.   Any person convicted of a battery, other than a battery committed by an adult upon a child which constitutes child abuse, shall be punished:
>
> (a) If the battery is not committed with a deadly weapon, and no substantial bodily harm to the victim results, for a misdemeanor.

NRS 200.310(1) provides in pertinent part:

> 1.   . . . [E]very person who leads, takes, entices, or carries away or detains any minor . . . with the intent to hold such minor to unlawful service, or perpetrate upon the person of such minor any unlawful act is guilty of kidnaping in the first degree.

A separate charge of first degree kidnaping is proper if the movement of the victim is not merely incidental to the associated offense and it results in substantially increased risk of harm. Wright v. State, 94 Nev. 415, 581 P.2d 442 (1978). Whether the movement of the victim is incidental to the associated offense and whether the risk of harm is substantially increased thereby are questions of fact to be determined by the trier of fact in all but the clearest cases. Sheriff v. Medberry, 96 Nev. 202, 606 P.2d 181 (1980).

Ordinarily, movement of the victim in the commission of a battery is not incidental to that offense. Moreover, in the instant case, it is uncontroverted that the victim was abandoned, unconscious, on the isolated perimeter of the desert as dark approached. Such evidence supports the determination that the movement of the victim substantially increased the risk of harm to her. A separate charge of first degree kidnaping is proper.

Similarly, the record supports appellant's complicity in the kidnaping. The mere presence of appellant at the time his companions forced the victim into the truck is not sufficient to make him an accessory and therefore a principal under NRS 195.020.[2] However, it was appellant's query that induced the victim to approach the truck. She was detained in the cab by appellant and one companion while the other drove into the desert. Appellant was not merely present, he was an active participant in her forcible transportation and the events that followed. His presence, together with the other circumstances, both during and after the kidnaping, is sufficient to support an inference that he was a party to the offense. *See* Baker v. Sheriff, 93 Nev. 11, 558 P.2d 629 (1977); Robertson v. Sheriff, 85 Nev. 681, 462 P.2d 528 (1969).

The other claims of error raised by appellant fail to demonstrate prejudicial error or are without merit. Accordingly, we

---

[2]NRS 195.020 provides in pertinent part:

195.020 Who are principals. Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who, directly or indirectly, counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor is a principal, and shall be proceeded against and punished as such.

affirm the adjudication of delinquency and commitment order of the district court.

Gunderson, C. J., Manoukian, Springer, and Mowbray, JJ., and Zenoff, Sr. J.,[3] concur.