An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

HECTOR LEONARD JARDINE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63267

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant argues that the district court erred in denying his claims of ineffective assistance of counsel raised in his November 20, 2009, petition. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984); *Warden v. Lyons,* 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland,* 466 U.S. at 697. To warrant an evidentiary hearing, a petitioner must raise claims that are supported by specific factual allegations that are not belied by the record and, if true,

14-19231

would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

First, appellant argues that his trial counsel was ineffective for failing to file a pretrial petition for a writ of habeas corpus arguing that the kidnapping charge was improper because the movement of the victim did not substantially increase the risk of harm. Appellant acknowledges counsel moved to dismiss the kidnapping charge prior to trial, but he argues that the proper procedure to challenge that charge was via a petition for a writ of habeas corpus. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. "A separate charge of first degree kidnaping is proper if the movement of the victim is not merely incidental to the associated offense and it results in substantially increased risk of harm." *Curtis D. v. State*, 98 Nev. 272, 274, 646 P.2d 547, 548 (1982) (citing *Wright v. State*, 94 Nev. 415, 581 P.2d 442 (1978)). In this case, appellant took the victim at knifepoint upstairs to a bedroom, locked the bedroom door behind them, and then forced her to stay in that bedroom for a substantial period of time. Moving the victim to a more secluded room and locking her in that room substantially increased the risk of harm. Under these circumstances, appellant fails to demonstrate that reasonably diligent counsel would have filed a pretrial petition for a writ of habeas corpus challenging the kidnapping charge or that a petition had a reasonable probability of altering the outcome of the proceedings as such a petition would have been futile. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006).

Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Second, appellant argues that his trial counsel was ineffective for failing to obtain evidence from the Navy regarding false allegations of sexual misconduct the victim made while she served in the military. Appellant fails to demonstrate that he was prejudiced. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel sought these records as appellant does not demonstrate that these records actually exist and that any records discussing the victim's sexual history would have been admissible at trial. *See* NRS 50.090; *see also Miller v. State*, 105 Nev. 497, 502, 779 P.2d 87, 90 (1989) (discussing that prior to admission of a victim's prior sexual abuse allegation, a defendant must establish by a preponderance of the evidence that the victim made an accusation, the accusation was false, and that the evidence is more probative than prejudicial). Appellant also fails to demonstrate a reasonable probability of a different outcome at trial had counsel obtained these records as there was overwhelming evidence that appellant sexually assaulted the victim and attempted to murder her. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Third, appellant argues that his trial counsel was ineffective for failing to object when the State asked appellant during trial if other witnesses were lying. Appellant fails to demonstrate that he was prejudiced. The challenged questions were considered on direct appeal under a plain error standard and this court concluded that the questions

did not affect appellant's "substantial rights in light of the overwhelming evidence of his guilt." *Jardine v. State*, Docket Nos. 48736 and 48737 (Order of Affirmance, December 19, 2008). As there was overwhelming evidence of appellant's guilt presented at trial, appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel objected to the State's questions regarding the veracity of the other witnesses. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Fourth, appellant argues that his trial counsel was ineffective for failing to retain a medical expert to review the victim's wounds and testify that she was hurt by falling on a piece of glass, not by appellant's knife. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The surgeon who operated on the victim testified that, while it was possible that a sharp piece of glass could have caused the victim's wounds, the jagged glass depicted in a photograph from the crime scene could not have been the cause. Appellant fails to demonstrate that reasonably diligent counsel could have discovered a medical expert that would have testified in a different manner or a reasonable probability of a different outcome had counsel retained a medical expert on appellant's behalf. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Fifth, appellant argues that his trial counsel was ineffective for failing to discover that appellant had actually filed for divorce from his wife prior to the incident with the victim. Appellant fails to demonstrate

that his trial counsel's performance was deficient or that he was prejudiced. Appellant testified that he hired a divorce attorney and that he believed the divorce process had been initiated. Appellant fails to demonstrate that reasonably diligent counsel would have sought further evidence to bolster this testimony as it did not provide a defense to appellant's actions with respect to the victim. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel further investigated appellant's divorce proceedings as there was overwhelming evidence presented that appellant sexually assaulted the victim and attempted to murder her. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Sixth, appellant argues that his trial counsel was ineffective for failing to obtain cell phone records to demonstrate that the victim called appellant on the day of the incident. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant testified that the victim called him and indicated that she wanted to discuss their relationship. Appellant fails to demonstrate that reasonably diligent counsel would have attempted to bolster this statement through cell phone records as those records would not have provided a defense for appellant's actions. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel sought these records, as there was overwhelming evidence presented that appellant hid in the victim's apartment with a knife, sexually assaulted her when she returned home, and then stabbed her in

the neck when she attempted to escape. Therefore, the district court did not err in denying this claim without conducing an evidentiary hearing.

Seventh, appellant argues that his trial counsel was ineffective for failing to adequately draft a motion for new trial. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant fails to demonstrate either deficiency or prejudice for this claim as he does not identify any claims that reasonably diligent counsel would have raised or that would have had a reasonable probability of success. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Eighth, appellant argues that the cumulative effect of ineffective assistance of counsel warrants vacating his judgment of conviction. Because appellant's ineffective-assistance claims lack merit, he fails to demonstrate any cumulative error. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Finally, appellant argues that the district court erred by adopting the State's proposed order without providing appellant the opportunity to review and object to the proposed order. The proposed order contains a certificate of service indicating that the State served appellant's counsel with a copy of the proposed order. To the extent appellant asserts that he did not have sufficient time to review and respond to the proposed order prior to the district court's adoption of that order, we conclude that any error in this regard was harmless and

appellant fails to demonstrate prejudice. *See* NRS 178.598 (stating that any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded). *But cf. Byford v. State*, 123 Nev. 67, 69, 156 P.3d 691, 692 (2007) (stating that when a district court requests a party to prepare a proposed order, the court must ensure that the other parties are aware of the request and given the opportunity to respond to the proposed order). Appellant does not demonstrate that any error adversely affected the outcome of the proceedings or his ability to seek full appellate review. Therefore, appellant is not entitled to relief based on this argument.

Having concluded that appellant is not entitled to relief, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Michael Villani, District Judge
Law Offices of C. Conrad Claus
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk