# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN JAMES MORALES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71893

FILED

FEB 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order denying appellant Steven Morales' postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Morales argues that the district court erred by denying his petition, which included claims that trial and appellate counsel were ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying the test in *Strickland* to appellate counsel). We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Morales contends that trial counsel should have tried to negotiate the case. Morales failed to demonstrate that counsel was

18-06328

ineffective because he failed to identify a plea agreement that counsel could have negotiated and that the district court would have accepted. *See generally Missouri v. Frye*, 566 U.S. 134, 146 (2012) (recognizing that counsel is deficient for failing to communicate a plea offer); *see Lafler v. Cooper*, 566 U.S. 156, 168 (2012) (recognizing that a defendant has the right to effective assistance of counsel in considering whether to accept a plea).

Second, Morales contends that appellate counsel should have argued that his conviction for falsely imprisoning the pharmacist was incidental to his conviction for robbing the pharmacist. We agree. A defendant may be convicted of robbery and false imprisonment only if the restraint necessary for false imprisonment "stand[s] alone with independent significance from the act of robbery itself, create[s] a risk of danger to the victim substantially exceeding that necessarily present in the crime of robbery, or involve[s] . . . restraint substantially in excess of that necessary to its completion." *Mendoza v. State,* 122 Nev. 267, 275, 130 P.3d 176, 181 (2006); *see Garcia v. State*, 121 Nev. 327, 334-35, 113 P.3d 836, 840-41 (2005) (applying the incidental analysis to convictions for false imprisonment and robbery), *modified on other grounds by Mendoza*, 122 Nev. at 274, 130 P.3d at 180. Here, Morales merely held the pharmacist at gunpoint and ordered her to give him drugs from behind the counter. This restraint was incidental to the robbery and this claim would have succeeded on appeal. *See Wright v. State*, 94 Nev. 415, 416, 581 P.2d 442, 443 (1978), *modified on other grounds by Mendoza*, 122 Nev. at 274, 130 P.3d at 180. And although an appellate attorney is not required to raise every nonfrivolous claim, *see Johnson v. State*, 133 Nev., Adv. Op. 73, 402 P.3d 1266, 1274 (2017), we conclude that counsel's failure to raise this claim was

objectively unreasonable under the circumstances. We therefore order the district court to vacate Morales conviction for false imprisonment.

Having concluded that Morales is entitled to the relief described herein, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____Pickering_____, J.
Pickering

_____Gibbons_____, J.
Gibbons

_____Hardesty_____, J.
Hardesty

cc: Hon. Jessie Elizabeth Walsh, District Judge
Nguyen & Lay
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk