**136 Nev., Advance Opinion 44**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JASON RICHARD LOFTHOUSE,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 70587<br><br>**FILED**<br><br>JUL 16 2020<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>CHIEF DEPUTY CLERK |

Appeal from a judgment of conviction, pursuant to a jury verdict, of ten counts of sexual conduct between a teacher and student and two counts of first-degree kidnapping. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

*Affirmed in part, reversed in part, and remanded.*

Darin Imlay, Public Defender, and William M. Waters, Chief Deputy Public Defender, Clark County,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Alexander G. Chen, Chief Deputy District Attorney, and Stacy L. Kollins, Deputy District Attorney, Clark County,
for Respondent.

___

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, STIGLICH, J.:

The Nevada Legislature has criminalized sexual conduct between certain school employees or volunteers and students who are old enough to consent to sexual conduct. In this appeal, we consider whether

that crime is an unlawful act perpetrated upon the person of a minor such that it is a predicate offense for first-degree kidnapping. We conclude it is not. Accordingly, the first-degree kidnapping convictions in this case cannot stand. We therefore reverse the judgment of conviction as to those charges. Because the remaining issues raised on appeal do not warrant further relief, we affirm the judgment of conviction as to the other charges and remand for further proceedings consistent with this opinion.

## FACTS

Appellant Jason Lofthouse taught history at a high school in Las Vegas. While doing so, he developed a sexual relationship with one of his female students. At the time, Lofthouse was 32 years old and the student was 17 years old. The sexual conduct between Lofthouse and the student occurred at school and, on two occasions, at nearby hotels. Although text messages between the two indicated that Lofthouse initiated the sexual relationship, the student said she "[m]ost likely" would have entered into a sexual relationship with Lofthouse even if he were just "a guy that [she] met at the mall." By all accounts, the sexual conduct was consensual. Consensual sexual conduct between a teacher and a 17-year-old student is nonetheless a crime as provided in NRS 201.540.[1] Thus, following an investigation after the student told a friend about the

---

[1]The conduct at issue here took place in May 2015. NRS 201.540 has been amended several times since then. Throughout this opinion, we refer to the version of NRS 201.540 in effect at the relevant time, *see* 2013 Nev. Stat., ch. 387, § 1(1), at 2098, unless otherwise indicated.

relationship, the State charged Lofthouse with ten counts of violating NRS 201.540, a category C felony.[2]

Based on the circumstances surrounding the two sexual encounters at hotels, the State also charged Lofthouse with two counts of another, more serious offense. Alleging that the student was a minor and that Lofthouse transported or enticed her with the intent to perpetrate an unlawful act upon her person (sexual conduct between a teacher and student), the State charged Lofthouse with two counts of first-degree kidnapping, a category A felony.[3] Lofthouse challenged those charges in a pretrial petition for a writ of habeas corpus. The district court rejected Lofthouse's argument that he did not intend to commit a crime upon the student's person on the two occasions when he transported the student to the hotels. At trial, the defense conceded the consensual sexual conduct but argued that Lofthouse did not kidnap the student. The jury found him guilty on all charges.

## DISCUSSION

Lofthouse argues that he cannot be convicted of first-degree kidnapping as a matter of law because the crime he committed—sexual conduct with a student in violation of NRS 201.540—is not a predicate offense for first-degree kidnapping under NRS 200.310(1). Because this

---

[2]The State also charged Lofthouse with two counts of open or gross lewdness, but the district court dismissed those charges after granting Lofthouse's pretrial petition for a writ of habeas corpus because the State failed to establish probable cause to support the charges.

[3]The State initially alleged two other alternative theories to support the first-degree kidnapping charges—that Lofthouse transported or enticed the student (1) with the intent to keep, imprison, or confine her from her parents or (2) to hold her to unlawful service. The State abandoned those theories at trial.

issue implicates statutory interpretation, our review is de novo. *Mendoza-Lobos v. State*, 125 Nev. 634, 642, 218 P.3d 501, 506 (2009).

When interpreting a statute, we focus on the words used in the statute. *See Blackburn v. State*, 129 Nev. 92, 95, 294 P.3d 422, 425 (2013) ("Our analysis begins and ends with the statutory text if it is clear and unambiguous."). We give those words their plain and ordinary meanings unless the context requires a technical meaning or a different meaning is apparent from the context. 2A Norman J. Singer & Shambie Singer, *Statutes and Statutory Construction* § 47:27, at 453-54 (7th ed. rev. 2014). When a word has more than one plain and ordinary meaning, the context and structure inform which of those meanings applies. *See Blackburn*, 129 Nev. at 97, 294 P.3d at 426 ("A statute cannot be dissected into individual words, each one being thrown onto the anvil of dialectics to be hammered into a meaning which has no association with the words from which it has violently been separated." (quoting 2A Norman J. Singer & J.D. Shambie Singer, *Sutherland Statutory Construction* § 46:5 n.10 (7th ed. 2008))); *Butler v. State*, 120 Nev. 879, 892-93, 102 P.3d 71, 81 (2004) (explaining that a statute "must be construed as a whole and not be read in a way that would render words or phrases superfluous or make a provision nugatory" (internal quotation marks omitted)); *see also Pereira v. Sessions*, 585 U.S. ___, ___, 138 S. Ct. 2105, 2117 (2018) (observing that a court must look at "plain language and statutory context" to determine the meaning a word has in a particular statute when that word "is [a] chameleon" (alteration in original) (internal quotation marks omitted)). We may go beyond the statute's language only when the language lends itself to two or more interpretations that are reasonable considering the text, context, and structure. *See State v. Catanio*, 120 Nev. 1030, 1033, 102 P.3d 588, 590

(2004) ("An ambiguity arises where the statutory language lends itself to two or more reasonable interpretations.").

We start with the first-degree kidnapping statute to determine what offenses constitute a predicate offense pursuant to the statute. In a 171-word sentence, NRS 200.310(1) encompasses at least seven forms of conduct, each of which constitutes first-degree kidnapping. To summarize, first-degree kidnapping requires movement, restraint, enticement, or concealment of a person with the intent to hold or detain that person to accomplish one of several enumerated purposes: (1) to obtain a ransom or reward; (2) to commit sexual assault, extortion, or robbery upon or from the person; (3) to kill or inflict substantial bodily harm on the person; (4) to exact money or any other valuable thing from a third party for the person's return; (5) to keep a minor from his or her parents or guardians; (6) to hold a minor to unlawful service; or (7) to "perpetrate upon the person of [a] minor any unlawful act." NRS 200.310(1). The last form of first-degree kidnapping is the one at issue here.

Under that provision, "a person who leads, takes, entices, or carries away or detains any minor *with the intent to . . . perpetrate upon the person of the minor any unlawful act* is guilty of kidnapping in the first degree."[4] *Id.* (emphasis added). This provision thus requires the intent to

---

[4]This language was added to the first-degree kidnapping statute in 1947. 1947 Nev. Stat., ch. 165, § 1, at 551-52; Nev. Compiled Laws § 10612.05, at 786 (Supp. 1943-1949). Before 1947, the statute provided in relevant part that a person who "lead[s], take[s], entice[s] away, or detain[s] a child under the age of sixteen years with intent . . . to steal any article upon his person" is guilty of kidnapping. 1912 Revised Laws of Nev. § 6419, at 1839; *see also* 1935 Nev. Stat., ch. 75, § 1, at 171. Although no legislative history is available, the 1947 amendment occurred during a period of

commit a predicate offense: "any unlawful act" that is "perpetrate[d] upon the person of the minor." The Legislature, however, has not defined those phrases. We therefore look to dictionary definitions from around the time the provision was enacted to aid us in interpreting its meaning. *Douglas v. State*, 130 Nev. 285, 287, 327 P.3d 492, 494 (2014).

The phrase "unlawful act" has a plain and ordinary meaning: an "[a]ct contrary to law." *Unlawful Act, Black's Law Dictionary* (4th ed. 1951). Although that phrase is not necessarily limited to criminal acts, *id.*, the context here indicates the Legislature so limited the phrase as used in NRS 200.310(1) given the plain and ordinary meaning of the word "perpetrate": "to commit (as an offense)." *Perpetrate, Merriam-Webster's New International Dictionary of the English Language* (2d ed. 1959).

The word "person" has many definitions. NRS 0.039 ("Except as otherwise expressly provided in a particular statute or required by the context, 'person' means a natural person, any form of business or social organization and any other nongovernmental legal entity including, but not limited to, a corporation, partnership, association, trust or unincorporated organization."); *Person, Black's Law Dictionary* (4th ed. 1951) ("'Persons' are of two kinds, natural and artificial."); *Person, Merriam-Webster's New International Dictionary of the English Language* (2d ed. 1959) (listing nine definitions including "[a] human being" and "[t]he bodily form of a human

---

"sweeping changes" in federal and state kidnapping laws following "a wave of kidnappings" in the late 1920s and 1930s. Note, *A Rationale of the Law of Kidnapping*, 53 Colum. L. Rev. 540, 540 (1953); *see also Chatwin v. United States*, 326 U.S. 455 (1946) (detailing history of Federal Kidnapping Act). The parties have not identified, and we have not located, any other state kidnapping statute with language similar to that added to the Nevada statute in 1947 and at issue here.

being"). Given the context in which "person" is used in NRS 200.310(1), where it is modified by the phrase "of the minor" and is the direct object of the verb "perpetrate," we think it clear that the Legislature meant it in the sense of a natural person's body. *Person, Merriam-Webster's New International Dictionary of the English Language* (2d ed. 1959); *see also* Alice Ristroph, *Criminal Law in the Shadow of Violence*, 62 Ala. L. Rev. 571, 577 (2011) ("In the specific domain of criminal law, the term 'person,' when used to refer to a target of crime, refers to the human body.").

Considering these terms together, we conclude that the statutory language is not aimed broadly at any crime that merely involves a minor. Interpreting the language in NRS 200.310(1) to include any crime involving a minor would expand an already broad kidnapping statute beyond what is reasonable, leading to absurd results. *See Wright v. State*, 94 Nev. 415, 417, 581 P.2d 442, 443-44 (1978) (observing that NRS 200.310(1) "is broad in its sweep" in the context of considering the circumstances in which the Legislature intended to allow a conviction for first-degree kidnapping based on movement during a robbery), *modified on other grounds by Mendoza v. State*, 122 Nev. 267, 130 P.3d 176 (2006). As we have regularly observed, "statutory construction should always avoid an absurd result." *State v. White*, 130 Nev. 533, 536, 330 P.3d 482, 484 (2014) (quoting *Sheriff v. Burcham*, 124 Nev. 1247, 1253, 198 P.3d 326, 329 (2008) (internal quotation marks omitted)). We thus conclude that the relevant provision in NRS 200.310(1) is more narrowly focused on crimes upon or against a minor's body. *See Upon, Merriam-Webster's New International Dictionary of the English Language* (2d ed. 1959) (indicating that "upon" is commonly used in the sense of "[a]gainst").

The question then is whether a violation of NRS 201.540 is a crime against a minor's body. In urging this court to answer that question in the negative, Lofthouse focuses on the fact that the offense is located in NRS Chapter 201, which is titled "Crimes Against Decency and Morals," rather than NRS Chapter 200, which is titled "Crimes Against the Person." We agree that the chapter title can be a useful aid in interpreting a statute within that chapter, provided that the legislative enactment contemplated that the statute would be located in the particular chapter.[5] *See State v. Hughes*, 127 Nev. 626, 629 n.2, 261 P.3d 1067, 1069 n.2 (2011) (explaining that the heading that precedes a group of statutes and the lead or title line for a specific statute may be looked to for interpretive purposes only when they were "part of the legislative enactment"). And here, the chapter designation was part of the legislative enactment when the offense was first created in 1997. *See* 1997 Nev. Stat., ch. 529, § 1, at 2522 ("Chapter 201 of NRS is hereby amended by adding thereto the provisions set forth as sections 2 to 10, inclusive of this act."); *id.* § 9, at 2522-23 (adopting provision codified at NRS 201.540). That chapter designation indicates that the Legislature considered the offense set forth in NRS 201.540 to be a crime against public decency and morals more than against the person. We are not convinced, however, that the chapter title alone is dispositive as to legislative intent. *Cf. Frazier v. People*, 90 P.3d 807, 811 (Colo. 2004)

---

[5]This caveat stems from the fact that the Legislature has left many aspects of the codification process to the Legislative Counsel, including the chapter titles in the Nevada Revised Statutes and the placement of statutes within those chapters. *See* NRS 220.120(3), (5), (6), (8) (authorizing Legislative Counsel to classify and arrange statutes in the NRS, including creating new chapters).

(observing that a statute's title "is a useful aid in construing a statute" but it "is not dispositive of legislative intent"). In particular, focusing solely on the offense's placement in a particular chapter may exclude from the kidnapping statute's coverage crimes that are clearly against a minor's body.[6] Thus, along with the chapter title, we must look at the specific offense to determine whether it constitutes a crime against a minor's body, focusing on its elements and the overall statutory context. *Cf. State v. Kindell*, 326 P.3d 876, 881 (Wash. Ct. App. 2014) ("Courts have applied a common sense analysis focusing on the statutory elements of the particular crime supporting the burglary charge to determine whether that crime is a predicate crime under the burglary statutes.").

As relevant here, the elements of the offense set forth in NRS 201.540 are (1) sexual conduct between (2) a school employee[7] who is (a) 21 years of age or older and (b) in a position of authority[8] at a public school and (3) a student who is (a) 16 or 17 years of age and (b) enrolled at the same

---

[6]An example is lewdness with a child under 16 years of age, which is also found in NRS Chapter 201 and has as its gravamen "any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child." NRS 201.230(1)(a)-(b).

[7]The statute also applies to volunteers. NRS 201.540(1)(b).

[8]For a short period of time, NRS 201.540 was not limited to offenders who were "in a position of authority." The Legislature removed that language effective October 1, 2015, *see* 2015 Nev. Stat., ch. 287, § 10, at 1445-46; *id.* § 14, at 1449, but then added it back into the statute effective October 1, 2017, *see* 2017 Nev. Stat., ch. 375, § 8.3, at 2320; *id.* § 24(2), at 2321. The requirement was in the statute at the time of the conduct at issue here, *see* 2013 Nev. Stat., ch. 387, § 1, at 2098-99, and it appears in the current version of the statute.

public school. NRS 201.540(1). The sexual-conduct element includes a wide array of acts upon or with the student's body. *See* NRS 201.520 (defining "sexual conduct" for purposes of NRS 201.540). The offense thus clearly involves an *act* that is committed on a minor's body.[9] But that does not necessarily mean that a violation of NRS 201.540 is a crime against the student's person for purposes of the kidnapping statute. A crime against an individual is typically focused on harm to the individual. *See generally* Ristroph, *supra*, at 578 ("To call a crime an offense 'against the person' is to identify the harm of the offense as an injury to a human body.").

At the relevant time, it generally was not unlawful to engage in sexual conduct with a consenting minor who was 16 years of age or older.[10] *See* 2013 Nev. Stat., ch. 426, § 34, at 2427 (defining "[s]tatutory sexual seduction," codified at NRS 200.364, in terms of sexual conduct with a person under 16 years of age). NRS 201.540 departs from that general rule when the sexual conduct occurs between a student and a school employee

---

[9]The word "minor" refers to a person who is under 18 years of age, unless the Legislature has explicitly provided otherwise. *See Hughes*, 127 Nev. at 628-30, 261 P.3d at 1069-70 (concluding that, unless the Legislature states otherwise, the term "minor" means a person who is not yet of full legal age, which under NRS 129.010 is 18 years). At the relevant time, NRS 201.540 only applied when the student was a minor. *See* 2013 Nev. Stat., ch. 387, § 1(1)(c), at 2098. An amendment in 2015 expanded the statute to include students who are 18 years old. *See* 2015 Nev. Stat., ch. 287, § 10(1)(c), at 1445.

[10]This is still true today. *See* NRS 200.364(10) (defining "statutory sexual seduction" as "ordinary sexual intercourse, anal intercourse or sexual penetration committed by a person 18 years of age or older with a person who is 14 or 15 years of age and who is at least 4 years younger than the perpetrator"); NRS 200.366(1)(b) (providing that "[a] person is guilty of sexual assault if he or she . . . [c]ommits a sexual penetration upon a child under the age of 14 years").

who is in a position of authority. The statute makes no exception for consensual sexual conduct, even though the student otherwise has the legal capacity to consent to such conduct. And while the statute requires that the offender be "in a position of authority," NRS 201.540(1)(b), it does not require proof that the offender exploited or used his or her position of authority to influence or coerce the student to engage in the sexual conduct. NRS 201.540 thus criminalizes sexual conduct regardless of whether the student actually consented or the offender actually exploited the student. This suggests that the focus is not on harm to the individual student.

Because the statute is indifferent regarding the student's actual consent or the offender's actual exploitation of the student, we conclude that it is the offender's status that is the gravamen of the offense outlined in NRS 201.540.[11] The offender's status of school employee or volunteer in a position of authority lends itself to the perception that the offender influenced or exploited the student. It is thus the offender's status that makes the sexual conduct unlawful. Given that NRS 201.540 is predominately concerned with the appearance of impropriety rather than

---

[11]Other statutes that criminalize sexual conduct are more clearly aimed at addressing harm to the person. *See, e.g.*, NRS 200.366 (sexual assault); NRS 200.400(4) (battery with intent to commit sexual assault). Notably, those offenses are punished more severely than a violation of NRS 201.540. *Compare* NRS 200.366(2) (providing that sexual assault is a category A felony carrying a sentence of life in prison with or without parole depending on whether there was substantial bodily harm), *and* NRS 200.400(4) (providing that battery with intent to commit sexual assault is a category A felony with a sentence of life in prison with or without the possibility of parole depending on circumstances), *with* NRS 201.540(1) (providing that offense is a category C felony punishable by no more than five years' imprisonment).

actual impropriety, we conclude its focus is on decency and morals rather than harm to a particular individual. Because this is consistent with the chapter in which the Legislature chose to codify the offense and the gravamen of the offense, and without a clear statement of intent by the Legislature to treat a violation of NRS 201.540 as a crime against the minor's person for purposes of NRS 200.310, we conclude that Lofthouse's convictions of first-degree kidnapping cannot stand.[12]

Lofthouse also argues that (1) nine of the convictions under NRS 201.540 must be reversed because the unit of prosecution is a single teacher-student sexual relationship, (2) the prosecutor committed misconduct warranting reversal, (3) the district court violated his right to confrontation, (4) a witness improperly opined on his guilt, and (5) cumulative error warrants reversal. We have considered those arguments and conclude that they lack merit.

## CONCLUSION

Because we conclude that none of the issues raised warrant relief from the convictions for violating NRS 201.540, we affirm the judgment as to those convictions. But we hold that a violation of NRS 201.540 is not a predicate offense for first-degree kidnapping under NRS 200.310(1). We therefore reverse the judgment as to the convictions of first-

---

[12]Given this conclusion, we do not need to address Lofthouse's other arguments related to the first-degree kidnapping convictions. But we note that the same concerns that arise with dual convictions for first-degree kidnapping and a predicate offense like sexual assault or robbery, *see, e.g.,* *Mendoza*, 122 Nev. 267, 130 P.3d 176; *Wright*, 94 Nev. 415, 581 P.2d 442, may also arise when the predicate offense is a crime committed against the person of a minor.

degree kidnapping and remand for further proceedings consistent with this opinion.[13]

_Stiglich_ , J.
Stiglich

We concur:

_Pickering_ , C.J.
Pickering

_Gibbons_ , J.
Gibbons

_Hardesty_ , J.
Hardesty

_Parraguirre_ , J.
Parraguirre

_Cadish_ , J.
Cadish

_Silver_ , J.
Silver

---

[13]Given this decision, we do not address Lofthouse's arguments regarding the language in the judgment of conviction setting forth the aggregate minimum and maximum sentence.